**NOT FOR PUBLICATION**

FILED

JAN 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO C. FLORES, AKA Julio Flores, AKA Little Diablo Flores, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73906 <br><br> Agency No. A070-715-159 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Julio C. Flores, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014), and we grant the petition for review and remand.

Under the modified categorical approach, the government has not met its burden of proving by clear and convincing evidence that Flores was convicted of possessing cocaine base. *See id.* at 1113. The amended complaint, which charged Flores with a violation of California Health & Safety Code § 11350(a), is the only document in the record that specifies that cocaine base was the drug at issue. The minute order dated February 6, 2013 records Flores's nolo contendere plea to "Count 1," but does not specify whether that count was set forth in the amended complaint, or the original complaint, which is not in the record. In fact, the minute order states that Flores pleaded not guilty to the amended complaint. Because the government has submitted only the amended complaint and the link between it and the minute order is ambiguous, the government has not satisfied its burden of proof. *See id.* at 1114-15 (the government failed to carry its burden where alternate explanations for ambiguities in the record were plausible, even though the record did not suggest petitioner possessed any substance other than one controlled by federal law).

We grant the petition for review and remand for further proceedings.

**PETITION FOR REVIEW GRANTED; REMANDED.**

13-73906